IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TALIB W. ZAYID, | ) | CASE NO. 1:13 CV 00433 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| STATE OF OHIO, ATTORNEY | ) | |
| GENERAL MIKE DEWINE, et al. | ) | |
| | ) | |
| Defendants. | ) | |

*Pro se* plaintiff Talib W. Zayid filed the above captioned action against Ohio Attorney General Mike DeWine. In the complaint, plaintiff alleges defendant violated the separation of powers doctrine by implementing Ohio's version of the Adam Walsh Act, which resulted in plaintiff's reclassification as a Tier II sexual offender. (ECF #1). He seeks monetary relief. Plaintiff also filed a Motion to Proceed *in forma pauperis*. (ECF #4). That motion is GRANTED, and for the reasons below, this case is DISMISSED pursuant to 28 U.S.C. § 1915(e).

Background

On or about August 22, 1998, plaintiff was classified as a sexually oriented offender under Ohio Rev. Code § 2950.03, Ohio's version of Megan's Law (H.B.180). By operation of law, plaintiff was required to register his address with the Cuyahoga County Sheriff annually for a period of ten years without any community notification.

On July 1, 2007, Ohio enacted its version of the Adam Walsh Act (S.B. 10)

("AWA"), which became effective January 1, 2008. Ohio Rev. Code § 2950, *et seq.* Upon enactment of the AWA, the Ohio Attorney General was tasked with reclassifying each offender as either Tier I, II or III, based solely upon the offense for which each offender was convicted and without consideration for the risk the offender posed to the community or the likelihood of recidivism. Under the AWA, all individuals convicted of a sexually oriented offense are now subject to expanded residency restrictions. The new restrictions prohibit all offenders from residing within 1,000 feet of a school, preschool or day care facility. The AWA also increases the penalties for failing to register or verify one's address, providing for prison terms of up to ten years and mandatory minimum sentences in some cases. The AWA applies retroactively to all offenders who had a duty to register under Megan's Law as of July 1, 2007.

Pursuant to the AWA, plaintiff was reclassified as a "Tier II Sex Offender." A Tier II offender is required to register every 180 days for 25 years. On June 6, 2008, plaintiff was indicted on charges of failing to provide notice of change of address in violation of Ohio Rev. Code § 2950.05(E)(1) and failure to verify his current residence address in violation of Ohio Rev. Code § 2950.06(F).[1] On December 10, 2008, he entered a plea of no contest as to both counts and was sentenced to six months of community control.[2]

Plaintiff's complaint alleges he is an "unlawful captive," that the reclassification provisions of the AWA violate the separation of powers provisions of the United States Constitution, and that defendant DeWine, as well as unidentified "John Does," are liable for damages in the

---

[1] See *Ohio v. Zayid*, Cuyahoga County Court of Common Pleas Case No. CR-08-511718-A, available at http://cpdocket.cp.cuyahogacounty.us/tos.aspx.

[2] *Id.*

amount of $1,555,000. (ECF #1 at 3).

## Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir. 1997). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless.[3] *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in [the] complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Twombly*, 550 U.S. at 555. Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this

---

[3] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

pleading standard. *Id.* In reviewing a complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## Discussion

Plaintiff asserts a claim for damages against the current Ohio Attorney General, Mike DeWine. The complaint does not indicate the capacity in which plaintiff sues defendant. To the extent plaintiff is suing defendant in his official capacity, his claims must be dismissed. A suit against a public servant in his or her official capacity imposes liability on the office he or she represents. *Brandon v. Holt*, 469 U.S. 464, 471 (1985). Because the entity represented by this defendant is the State of Ohio, the Eleventh Amendment bars suits for damages against him in his official capacity. *Latham v. Office of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir.), *cert. denied*, 546 U.S. 935 (2005).

Plaintiff also fails to assert a claim against the Ohio attorney general in his individual capacity. He asserts that the attorney general's administration of the AWA violates the separation of powers doctrine between the judicial and executive branches of the State of Ohio because the reclassification process operates without independent fact finding by the state courts into an offender's likelihood of recidivism. The doctrine of the separation of powers embodied in the United States Constitution, however, requires a division of authority between the federal judiciary and the United States Congress. *See Whalen v. United States*, 445 U.S. 684, 689 n.4 (1980). Any issue of the separation of powers among the branches of the state government is a matter of state law, and is not a violation of the federal constitution. *See Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000). Plaintiff's claim must therefore be dismissed.

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e). Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[4]

IT IS SO ORDERED.

*Donald C. Nugent*
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: April 23, 2013

---

[4] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

-5-